IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ALEXANDER JIGGETTS,

   Plaintiff,

   v.                                               Civil Action No.:  ELH-21-189

STATE OF MARYLAND,

   Defendant.

**MEMORANDUM**

This civil rights action was received for filing on January 22, 2021.  ECF 1; ECF 1-1. Plaintiff is currently confined to Spring Grove Hospital Center after he violated a peace order and was found not competent to stand trial.  ECF 1-1 at 1.  He seeks an Order from this Court requiring his transfer back to Central Booking and Intake Center in Baltimore City; requiring that he remain in protective custody there until his trial or that he be provided with a single cell; and prohibiting them from ever taking him "on 5 North ever." *Id*. at 2.  He adds that his assignment to protective custody should be accompanied by "double portions at least 90 cent[s] a day" and that he be provided with a welfare bag as well as 30 dollars for commissary.  *Id*.

Jiggetts believes that Central Booking is actually a federal facility and insists that he should be paid and confined pursuant to Department of Justice rules.  *Id*. at 1 and 3.  In addition, Jiggetts requests an order requiring his confinement to protective custody any time he is in Central Booking, states that his rights were violated when he was served meat at Central Booking, and claims he was denied two or three hours of phone rights in violation of his constitutional rights. *Id*. at 4-5.  The additional items of demand include a social worker to meet with him once per week, no requirement for him to take medication, and vouchers for living and transportation

expenses. *Id*. at 5. He suggests that if he cannot be transferred back to Central Booking, he could instead be transferred to Johns Hopkins or Lifebridge, but opines that "anything is better than Spring Grove, Patuxent, or Perkins." *Id*. at 6.

The Complaint does not state a claim upon which relief may be granted. Jiggets's disagreement with the basis for his transfer to Spring Grove Hospital for the purpose of treatment is the result of a valid State court order which has not been overturned. Despite his belief otherwise, this Court does not have jurisdiction to order plaintiff's transfer to another facility or to oversee the conditions under which he is confined. *See*, *e.g.*, *Meachum v. Fano*, 427 U.S. 215, 224 (1976). Therefore, the Complaint must be dismissed. An Order follows.

May 4, 2021  /s/
Date  Ellen L. Hollander
United States District Judge